IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN GARDNER, | ) | 4:21CV3067 |
| | ) | |
| Petitioner, | ) | |
| | ) | **BRIEF IN SUPPORT OF MOTION** |
| v. | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| SCOTT R. FRAKES, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to Fed. R. Civ. P. 56(b), Respondent states the following in support of his Motion for Summary Judgment (filing no. 13):

**Statement of Material Facts**

1. On October 9, 2018, Petitioner Justin Gardner was convicted by a jury in the District Court of Lancaster County, Nebraska, of second degree assault. (Filing No. 14-3 at CM/ECF p. 99)

2. The state district court sentenced Gardner to 2 to 4 years in prison. (*Id.* at CM/ECF pp. 110-11)

3. Gardner filed a direct appeal, alleging solely that the sentence imposed by the district court was excessive. (Filing No. 14-6 at CM/ECF p. 5) The State filed a motion for summary affirmance, which was sustained by the Nebraska Court of Appeals on August 29, 2019. (Filing No. 14-1 at CM/ECF p. 4) Gardner did not petition the Nebraska Supreme Court for further review. (*Id.*)

4. While the direct appeal was pending, Gardner filed a motion for postconviction relief in the state district court. (Filing No. 14-4 at CM/ECF pp. 9-11) After the direct appeal was concluded, the state district court entered a written order on July 23, 2020, denying Gardner's motion without an evidentiary hearing. (*Id.* at CM/ECF pp. 12-15) Gardner filed a notice of appeal, and on September 2, 2020, the state district court

entered a written order denying Gardner's motion to proceed in forma pauperis on appeal because he did not submit a current certified inmate account sheet. (Filing No. 14-5 at CM/ECF p. 2)

5. On October 16, 2020, the Nebraska Court of Appeals dismissed Gardner's postconviction appeal for lack of jurisdiction because Gardner did not pay the docket fee or appeal from the order denying his motion to proceed in forma pauperis. (Filing No. 14-2 at CM/ECF p. 3) Gardner did not petition the Nebraska Supreme Court for further review, and the mandate was issued on November 18, 2020. (*Id.* )

6. Gardner's habeas petition was filed with this Court on March 18, 2021. (Filing No. 1)

**Argument**

"An application for a writ of habeas corpus can only be granted if the applicant has exhausted all of the available state court remedies." *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *see also* 28 U.S.C. § 2254(b)(1)(A). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" ordinarily means that each habeas claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court. *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005).

A habeas petitioner must "fairly present the facts and substance of his habeas claim to the state court" in order to exhaust his state court remedies. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal quotation and citation omitted). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a

specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Id.* (internal quotation and citation omitted). A habeas claim has not been fairly presented, and is thus procedurally defaulted, if a petitioner, in arguing his claim to the state courts, "relied solely on state law grounds - namely, that the trial court misapplied . . . state statutes and case law on point." *Id.*

When reviewing a federal habeas corpus petition, a federal court can only consider those claims which the petitioner has presented to the state court in accordance with state procedural rules. *See Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009) ("[f]ederal courts generally will not review claims that a state court has refused to consider because of the petitioner's failure to satisfy a state procedural requirement") (citing *Barnett v. Roper,* 541 F.3d 804, 808 (8th Cir.2008)). Where a court refuses to consider a federal claim on the merits because the petitioner failed to comply with a state procedural rule, the petitioner's procedural default bars federal habeas review if the state court's procedural ruling is independent of the federal question and adequate to support the judgment. *Clay v. Norris*, 485 F.3d 1037, 1039-41 (8th Cir. 2007); *see also Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.1996) ("a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance") (quoting *Jones v. Jerrison,* 20 F.3d 849, 853 (8th Cir.1994)).

If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted. *See Abdullah*, 75 F.3d at 411; *Akins*, 410 F.3d at 456 n. 1. "The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue

3

[2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Id.* Additionally, "a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal." *State v. Dunster*, 769 N.W.2d 401, 410 (Neb. 2009). Finally, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

Respondent submits that Gardner's habeas claims have been procedurally defaulted. It appears from his habeas petition that the underlying facts and substance of Gardner's claims were known to him at the time he filed his direct appeal. (Filing No. 1) None of Gardner's habeas claims were raised on his direct appeal, however, and to the extent that Gardner raised any of his habeas claims in his state motion for postconviction relief, he did not raise those claims on appeal to the Nebraska appellate courts as his appeal was dismissed for lack of jurisdiction before any briefing had taken place. Thus, Gardner did not invoke one complete round of Nebraska's established appellate review process and he is now barred from raising his habeas claims in state court because he could have raised them on direct appeal or in a properly perfected postconviction appeal. As a result, Gardner's habeas claims have been procedurally defaulted.

**Conclusion**

Respondent requests that this Court grant summary judgment in favor of Respondent because Gardner's habeas claims have been procedurally defaulted.

    Scott R. Frakes, Respondent,

    BY   DOUGLAS J. PETERSON, #18146
            Attorney General

    BY   **s/Erin E. Tangeman**
            Bar number: 22924
            Assistant Attorney General
            Attorneys for Respondent
            2115 State Capitol
            Lincoln, NE 68509-8920
            Telephone: (402) 471-2682
            Fax: (402) 471-3835
            Erin.Tangeman@nebraska.gov

Certificate of Service

I hereby certify that on August 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document, along with copies of the specific pages of the designated record which are cited in this brief, to the following non CM/ECF participant: Justin Gardner, Inmate #86155, Lincoln Correctional Center, P.O. Box 22800, Lincoln, NE, 68542-2800.

    **s/Erin E. Tangeman**
    Bar number: 22924
    Assistant Attorney General