IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN GARDNER,<br><br>                Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES,<br><br>                Respondent. | **4:21CV3067**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before me on Respondent's Motion for Summary Judgment. (Filing 13.) Respondent filed the relevant state court records (filing 14) and a brief in support (filing 15). Respondent also filed a Supplemental Designation of State Court Records (filing 20) in response to Petitioner Justin Gardner's ("Gardner") motion requesting additional documents (filing 18). Gardner filed a "Notice of Submission (No Reply Brief)" containing one page of "Argument" which the court will treat as a brief. (Filing 22.) Respondent filed a Notice of Submission (filing 24) and informed the court that he would not be filing a reply brief. This matter is, thus, fully submitted for decision. Respondent contends that the claims set forth in Gardner's Petition for Writ of Habeas Corpus (filing 1) are procedurally defaulted. I agree and will dismiss the petition with prejudice.

## I. FACTS

      1.      On October 9, 2018, Petitioner Justin Gardner was convicted by a jury in the District Court of Lancaster County, Nebraska, of second degree assault. (Filing 14-3 at CM/ECF p. 99.)

      2.      The state district court sentenced Gardner to 2 to 4 years in prison. (*Id*. at CM/ECF pp. 110–11.)

3. Gardner filed a direct appeal, alleging solely that the sentence imposed by the district court was excessive. (Filing 14-6 at CM/ECF p. 5.) The State filed a motion for summary affirmance, which was sustained by the Nebraska Court of Appeals on August 29, 2019. (Filing 14-1 at CM/ECF p. 4.) Gardner did not petition the Nebraska Supreme Court for further review. (*Id*.)

4. While the direct appeal was pending, Gardner filed a motion for postconviction relief in the state district court. (Filing 14-4 at CM/ECF pp. 9–11.) After the direct appeal was concluded, the state district court entered a written order on July 23, 2020, denying Gardner's motion without an evidentiary hearing. (*Id*. at CM/ECF pp. 12–15.) Gardner filed a notice of appeal, and on September 2, 2020, the state district court entered a written order denying Gardner's motion to proceed in forma pauperis on appeal because he did not submit a current certified inmate account sheet. (Filing 14-5 at CM/ECF p. 2.)

5. On October 16, 2020, the Nebraska Court of Appeals dismissed Gardner's postconviction appeal for lack of jurisdiction because Gardner did not pay the docket fee or appeal from the order denying his motion to proceed in forma pauperis. (Filing 14-2 at CM/ECF p. 3.) Gardner did not petition the Nebraska Supreme Court for further review, and the mandate was issued on November 18, 2020. (*Id*.)

6. Gardner's habeas petition was filed with this court on March 18, 2021. (Filing 1.)

## II. ANALYSIS

Summarized and condensed,[1] and as set forth in the court's prior progression order (filing 9), Gardner raises the following claims in his habeas petition:

---

[1] Gardner did not object to the court's summary and condensation.

Claim One: Undisclosed State of Nebraska witnesses failed to give testimony when subpoenaed to Petitioner's jury trial.

Claim Two: The State failed to disclose physical or scientific evidence that was inconsistent with the State's theory of guilt and suggested a lack of proof that Petitioner committed the crime charged.

Claim Three: The State failed to disclose evidence relating to the hypnosis of State witness Doug Heminger in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Claim Four: The prosecution of Petitioner in Lancaster County District Court Case No. CR18-289 violated the Double Jeopardy Clause based on three Douglas County District Court cases.

Respondent contends that Gardner's claims are procedurally defaulted and that his petition must be dismissed. I agree.

I begin with a brief recitation of the law regarding exhaustion and procedural default. I then apply the law to the facts.

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court,

4

and the claim is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Id*. "It is well established that a petition for postconviction relief may not be used to obtain review of issues that were or could have been reviewed on direct appeal. Any attempts to raise issues at the postconviction stage that were or could have been raised on direct appeal are procedurally barred." *State v. Dubray*, 885 N.W.2d 540, 552 (Neb. 2016). Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

Applying the foregoing principles here, it is apparent that Gardner's federal claims are procedurally defaulted. The underlying facts and substance of Gardner's claims appear to have been known to him at the time he filed his direct appeal. (*See* Filing 1.) However, Gardner did not raise any of his habeas claims on direct appeal. To the extent Gardner raised any of his habeas claims in his state motion

for postconviction relief, he did not raise those claims on appeal to the Nebraska appellate courts. Gardner's postconviction appeal was dismissed before any briefing took place for lack of jurisdiction due to his failure to comply with independent and adequate state procedural rules requiring payment of the appellate docket fee or the filing of an appeal after the district court denies leave to proceed in forma pauperis ("IFP") on appeal. *See State v. Carter*, 870 N.W.2d 641, 644 (Neb. 2015) (appellate court acquires jurisdiction over appeal where appellant files a timely notice of appeal from the order denying leave to appeal IFP, accompanied by a proper application to proceed IFP and a poverty affidavit). Gardner failed to present his habeas claims through one complete round of Nebraska's established appellate review process and he is now barred from raising his habeas claims in a successive state postconviction motion because he could have raised his claims on direct appeal or in a properly perfected postconviction appeal.

Gardner has not demonstrated any cause or prejudice to excuse the procedural default of his claims, nor has he demonstrated that the court's failure to consider his defaulted claims will result in a fundamental miscarriage of justice. Thus, Gardner is not entitled to any habeas relief and his petition will be dismissed with prejudice.

### III. OTHER PENDING MOTIONS

On September 27, 2021, Gardner filed what he captioned a "Motion for Transfer to Cure Want of Jurisdiction." (Filing 23.) Gardner cites to 28 U.S.C. § 1631, which permits a federal district court to transfer an action to another federal court in which the action could have been brought if the court finds it lacks jurisdiction. However, Gardner states that it is the Lancaster County District Court that lacks jurisdiction over Gardner's "three Douglas County District Court case numbers: 'CR15-694,' 'CR15-2366,' and 'CR16-3314.'" (Filing 23 (capitalization corrected).) It is not clear what relief Garner seeks through this motion. Regardless, Gardner's motion is improper as this court has jurisdiction over his habeas petition

6

and has determined his petition must be denied and dismissed. Gardner's motion for transfer (filing 23) is, therefore, denied as moot.

On February 16, 2022, Gardner filed a "Supplemental Notice of Appeal (Civil)," which the court docketed and construes as a motion for interlocutory appeal. (Filing 25.) Gardner purportedly seeks to appeal from the court's September 3, 2021 Memorandum and Order (filing 21) denying his Motion for Summary Dismissal (filing 16), Motion for Default Judgment (filing 17), and Motion for Additional Court Documents (filing 18). This order is clearly not appealable. The order does not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291. In addition, the order does not fall within the narrow class of appealable interlocutory orders under § 1292(a). Accordingly, Gardner's motion for interlocutory appeal is denied. Now that the court has issued a dispositive ruling on Gardner's habeas petition, Gardner may attempt to seek review of the court's September 3, 2021 Memorandum and Order in an appeal to the Eighth Circuit.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Gardner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 13) is granted.

2. The Petition for Writ of Habeas Corpus (filing 1) is denied and dismissed with prejudice.

3. No certificate of appealability has been or will be issued.

4. Petitioner's "Motion for Transfer to Cure Want of Jurisdiction" (filing 23) is denied as moot.

5. Petitioner's "Supplemental Notice of Appeal (Civil)" (filing 25), construed as a motion for interlocutory appeal, is denied.

6. Judgment will be issued by separate document.

Dated this 22nd day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge